THE KANSAS, NEBRASKA & DAKOTA RAILWAY COM- | 42 239|
PANY *et al.* v. GIFFORD MCAFEE. | 42 494|

RAILROAD SWITCH — *Abutting Lot-Owner — Recovery of Damages.* Where
a railroad company has constructed a switch, or "Y," in a public
street of a city of the second class without authority from the city
council, so close to the sidewalk that it practically prevents access
from the abutting lots to the street, the owner of the abutting lots
so obstructed can recover damages.

### *Error from Anderson District Court.*

THE opinion states the case. Judgment for plaintiff *McAfee*
at the March term, 1889. The defendant railroad companies
bring the case to this court.

*E. F. Ware,* and *W. A. Johnson,* for plaintiffs in error.

*Kirk, Schoonover & Bowman,* for defendant in error.

Opinion by SIMPSON, C.: This case was submitted and
argued in connection with the Cuykendall case, just decided,
and is an action for damages by the owner of the south half
of lots 9, 10, 11 and 12, in block 76, in the city of Garnett.
The action was instituted against two railroad companies,
alleging obstruction to the ingress to and egress from the prop-
erty by both railroad tracks. It was tried upon an agreed
statement of facts, which is as follows:

"It is agreed by the parties hereto that the following are.
the facts in this case:

"That the defendants were on March 1, 1886, since have
been and now are railway corporations doing business in the
state of Kansas; that the city of Garnett, a city of the third
class situated in Anderson county, Kansas, did enact the or-
dinance hereto attached, granting to the defendant Kansas,
Nebraska & Dakota Railway Company the right-of-way
through certain streets in said city on the terms and condi-
tions of said ordinance, which ordinance was valid and in
force at the time of the construction of the railway hereafter
set forth. Said ordinance is attached hereto, marked 'A,' and
made a part hereof; that on or about the 1st day of July, 1886,

the defendant Kansas, Nebraska & Dakota Railway Company constructed a line of railway through Anderson county, Kansas. A portion of said railway so constructed was through the city of Garnett, on Main street, and the entire length of said Main street; and a photograph of said railway and said Main street as it is in front of plaintiff's property hereafter described is hereto attached, marked 'B,' and made a part hereof; that plaintiff was at the time of the passage of said ordinance and construction of said railway the owner of the following-described property, viz.: The south half of lots 9, 10, 11 and 12, in and of block 76, in said city of Garnett, on which property was at the said time aforesaid a two-story frame building owned by plaintiff, and occupied as and for a boarding-house or hotel, which property is more fully shown in said photograph hereto attached. (Taken March 1, 1889.)

"Said property so described is at the southern limit or line of said city, having no road, street, alley or highway on its east, south or north, and fronting on Main street, at the south end of said street, as shown by map marked 'Exhibit C.' Said street was and is 120 feet wide.

"The railway known as the Southern Kansas Railway had some years ago constructed its railway through said city, on Main street, on the west side thereof, as shown in said photograph. That the K. N. & D. Rly. Co. constructed its line as aforesaid, on the eastern side of said Main street. That the distance from the east rail on the Southern Kansas Railroad to the west rail of the K. N. & D. Railroad, on Main street in front of plaintiff's property, is fifty-six feet and six inches. The height of the embankment of the Southern Kansas Railroad, in front of plaintiff's property, and in Main street, is four feet and five inches. The height of the K. N. & D. Rly. embankment in front of plaintiff's property, and in Main street, is five feet three and one-half inches. From the southwest corner of the house of plaintiff to the embankment of the K. N. & D. Rly. is 30 feet. From the southwest corner of plaintiff's house to the east rail of switch laid on Main street in front of plaintiff's property by defendant Missouri Pacific Railway is eighteen feet and six inches. The distance from the fence on west line of plaintiff's property, and in front of plaintiff's property on Main street, to the east rail of said switch, is seven feet and two inches. The distance from the center of track of Southern Kansas Railroad to center of main track of K. N. & D. Rly., on Main street, in front of plaintiff's property, is sixty-one feet and six inches.

"On or about April, 1887, the defendant Missouri Pacific Rly. constructed a 'Y,' or another railway track, on said Main street, in front of plaintiff's property, and east of the main track of the K. N. & D. Rly., to connect and connecting the Missouri Pacific Railroad with the K. N. & D. Rly., as shown on map. The only authority for such construction of said 'Y,' or railway track, by said Missouri Pacific Railroad, was by virtue of a lease from the K. N. & D. Rly. to the Missouri Pacific Railroad to operate said K. N. & D. Rly., and the ordinance of the city of Garnett to the K. N. & D. Rly., referred to herein and herewith attached, marked 'A.' Said 'Y,' or railway, is also shown on photograph attached.

"Said Main street, at and before the building of the line of the K. N. & D. thereon, was partially occupied by the tracks of the Southern Kansas Railroad and Missouri Pacific Railroad, as shown by the map herewith. No official grade had been established by the city at the points opposite the plaintiff's property, or other place; and the height of embankments and fills on Main street, was and are such as to make crossings at grade with the track of said Southern Kansas and Missouri Pacific railroads theretofore constructed, which roads are constructed at the same grade at such crossings. Such embankments and fills, and the construction of said road, as constructed, never have been objected to by the city authorities of the city of Garnett, and no suit has ever been commenced concerning them by the city or public officers. The track of the K. N. & D. Railway was constructed of good material and in a workmanlike manner, planked at crossings. No intentional injury or damage was done by defendant to plaintiff's property.

"The admissions made by the pleadings, together with this agreed statement, and a copy of the ordinance and map hereto attached, are hereby made (by agreement) the total and exclusive evidence in this case, and are to be taken and deemed as non-amendable; except that either party may make and attach hereto as evidence in the case, such photographs of the *locus in quo* as they may desire; and if appellate proceedings are taken to the supreme court of the state, that the supreme court shall finally decide the controversy.

"If the foregoing facts entitle the plaintiff to judgment, he shall be awarded as against the K. N. & D. Rly. the sum of $167, and against the Missouri Pacific Rly. the sum of $333."

For the reasons given in the Cuykendall case, we are of the

16—42 KAS.

opinion that no recovery can be had against the Kansas, Nebraska & Dakota Railway Company. As to the Missouri Pacific Railway Company, which has constructed a switch, or "Y," so near the sidewalk as to practically prevent access to the street, and has done this without any authority from the city, we think a recovery can be had. The lots owned by the defendant in error do not front on any other street, avenue, or alley, and the only access to them is by Main street. The embankment of this switch, or "Y," constructed by the Missouri Pacific Railway Company on Main street, in front of the lots owned and occupied by the defendant in error, is four feet and five inches high. The distance from the fence on the line of the lots fronting Main street to the east rail of said switch is seven feet and two inches, and this includes the sidewalk and the eastern slope of the embankment on which the rails are located. This practically obstructs the whole street in front of the lots, and prevents access to and egress from them. Under such circumstances, he is entitled to recover.

It is recommended that the judgment be affirmed as to the Missouri Pacific Railway Company, and a judgment rendered in favor of the Kansas, Nebraska & Dakota Railway Company. The costs of this court will be divided.

By the Court: It is so ordered.

All the Justices concurring.